UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTONIO TYSON | * | CIVIL ACTION |
| VERSUS | * | NO. 10-0335 |
| ROBERT C. TANNER, WARDEN | * | SECTION "F"(6) |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, IT IS RECOMMENDED that petitioner's federal application be DISMISSED WITH PREJUDICE AS UNTIMELY.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Background Facts

Petitioner, Antonio Tyson, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. The record reflects that he was charged with aggravated rape, armed robbery and aggravated burglary and subsequently pled guilty on October 21, 1993, to forcible rape, armed robbery and aggravated burglary. He was sentenced to 40 years each for the forcible rape and armed robbery convictions and to a term of 30 years for his conviction of aggravated burglary, each sentence to run concurrently.[2] He did not appeal but did pursue state post-conviction relief.

On or about February 8, 2010, petitioner filed the instant federal application for *habeas corpus* relief. In support of his application, petitioner raises the following claims for relief: 1) That the state court lacked jurisdiction to accept his guilty plea; 2) that the state breached its sentencing agreement that petitioner would be given twenty years in return for his plea of guilty; 3) that the state court's application of La. C.Cr. P. art. 930.8, used to find petitioner's post-conviction challenges untimely, violated state and federal due process; 4) that the indictment and bills of information in his case failed to set forth the "mens rea" required and petitioner was not told of the required elements necessary to prove him guilty of the charged crimes, thus rendering his guilty plea involuntary; 5) that the state courts' application of La. C.Cr. P. art. 930.8 to petitioner's case violated due process in light of the prison officials' violation of their duties under *Bounds v. Smith*, 430 U.S. 817 (1977); and,

---

[2]See State Court Record Vol III of III, Transcript of Boykin and Sentence dated October 21, 1993.

6) that counsel was ineffective in failing to correctly explain the time which petitioner would have to serve on his concurrent sentences.[3] The state argues, *inter alia*, that petitioner's federal application is untimely.[4] The state is correct.

Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[5]

As noted, on October 21, 1993, petitioner pled guilty to forcible rape, armed robbery and aggravated burglary and was sentenced. Because he did not file a direct appeal within the five (business) days allowed by state law at that time, his convictions and sentences became final no later than October 28, 1993.[6]

---

[3]See Rec. Doc. 2 at pp. "B-E".

[4]Rec. Doc. 23.

[5]Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[6]See La. C. Cr. P. art. 13 (weekends and holidays not included in any calculation of less than seven days); See also, La.C.Cr.P. art. 914, requiring an appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to comply with art. 914 rendered the conviction and sentence final at the expiration of the five day period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Article 914 was later amended by La. Acts 2003, No. 949, Section 1 to provide 30 days for filing the notice of appeal.

Generally, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state criminal judgment commenced on that date and would expire one year later, i.e., on October 28, 1994, unless that deadline was extended through tolling. In this case, however, since petitioner's conviction was final prior to the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996,[7] the Fifth Circuit has held that a one year grace period applies and petitions may be considered timely filed if filed by no later than April 24, 1997. *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner did not file his federal application by April 24, 1997. However, he did file, on or about October 10, 1996,[8] a uniform application for state post-conviction relief (PCR), which was denied on January 17, 1997 as being untimely filed under state law.[9] No further review of this decision was sought before the state appellate courts. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner's PCR, which was

---

[7]The AEDPA, which was signed into law on April 24, 1996, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[8]The state application was actually filed on October 29, 1996 but the court gives petitioner the benefit of the date he allegedly signed and dated the application, consistent with *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006) (Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a state filing, thus such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system").

[9]See Judgment dated 1/17/97 issued by District Judge France W. Watts at State Rec. Vol. I of III.

"pending" from October 10, 1996 until February 17, 1997 (30 days after the January 17, 1997 denial of the PCR)[10] extends the *Flanagan* deadline by one hundred and twenty-nine (129) days, or until September 3, 1997.

However, petitioner had no other applications attacking his conviction or sentence pending before any state court at any time from February 17, 1997 until he filed a "Motion for Reconsideration of a Lesser Sentence and to Correct an Excessiveness", in the state district court on or about April 1, 1998, nearly six months after the federal limitations deadline of September 3, 1997 had expired.[11] This pleading, assuming it would be considered a properly filed state post conviction application, was filed too late to toll the federal limitations period.[12]

The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*,

---

[10] A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d 303, 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

[11] A copy of this motion is located in State rec. Vol. I of III. The motion was promptly denied as repetitive on April 8, 1998.

[12] Petitioner subsequently filed various other forms of post-conviction requests as can be seen in State Rec. Vol. II of III, however, these efforts were also filed too late to extend the federal limitations period.

184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). The decision whether to equitably toll the limitations period turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his opposition to the State's claim that his petition is untimely, Tyson first argues that he did not know he was ineligible for parole and that he would not be released until April of 2020, until he received a letter confirming said release date from the prison records officer.[13] However, the record is clear that when petitioner pled guilty to his crimes on October 21, 1993, petitioner was informed that he would receive a sentence of forty years at hard labor without the benefit of probation, *parole* or suspension of sentence for both the forcible rape conviction and for the armed robbery charge[14]. (Petitioner was also sentenced to thirty years in connection with the aggravated burglary conviction.) Petitioner offers no evidence to undermine what was made clear during his guilty plea – that he would serve his jail time without parole eligibility for a term of forty years.

Moreover, to the extent petitioner claims his lawyer told him anything different than was told to him in open court regarding parole eligibility, petitioner offers no evidence to support his claim. Additionally, even assuming that his lawyer misinformed him of his parole

---

[13]See Rec. Doc. 24, Petitioner's Opposition at p. 2.

[14]See State Rec. Vol III of III at p. 562.

eligibility date, mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

Tyson also claims that under state law, he can bring a claim for double jeopardy or to establish a defective indictment at any time. First, the court cannot locate a double jeopardy claim within Tyson's petition. Moreover, the time allowed by state law to raise *any* claim is of no moment in a federal habeas proceeding. State deadlines and limitation periods for raising various claims do not impact the calculation of the federal limitations period and surely do not provide a basis for equitable tolling.

Tyson next asserts that he was unable to bring his claims in a timely manner due to lack of access to the prison law library and incompetent inmate legal assistance. To raise his claims before a federal habeas court, Tyson merely had to factually allege the basis for said claims. Legal analysis is not required. The lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations. *Felder*, 204 F.3d at 171-72 (5th Cir. 2008); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999).

Petitioner also claims that challenging his mental incapacity at the time of the crimes is a claim that can be brought at anytime under state law. Once again, the time for bringing a claim under state law does not impact the petitioner's ability to bring his claims to a federal habeas court in a timely manner. To the extent Tyson may be attempting to argue that his mental incapacity impaired his ability to file his federal petition in a timely manner, no

evidence has been offered to support such a claim. The U.S. Fifth Circuit has recognized the possibility that mental incapacity may provide a basis for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). However, the medical documentation in the state court record does not demonstrate that Tyson was mentally incapable at the time he committed and pled guilty to his crimes.[15] Additionally, Tyson was clearly not prevented by his mental state from seeking various state post-conviction remedies, which he initially began filing in October 1996 and continues to file. Nor has his alleged mental incapacity prevented him from filing his current federal petition in 2010. In particular, Tyson has simply provided no evidence or argument supporting his contention that his mental condition impaired his ability to file his federal habeas petition within the one-year grace period allowed to those habeas petitioners whose convictions became final prior to the AEDPA's effective date. *See Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir.1998).

Finally, Tyson appears to be claiming that the errors he complains of in his federal petition are "not harmless" and would entitle him to a reversal of his convictions and sentences. He further claims that he has "no knowledge of raping the victim or [of] any offense except in being in possession of her car..."

The court notes that 28 U.S.C. Section 2244(d) itself does not include any language setting forth an exception to the statutory limitations period for a case of actual innocence or based upon the possible merit of the claims being raised. Further, the U.S. Fifth Circuit

---

[15]See State Rec. Vol. I at pp. 101-116.

has explicitly held that a claim of actual innocence, standing alone, is not the type of "rare and exceptional" circumstance which would justify equitable tolling "given that many prisoners maintain that they are innocent." *Felder*, 204 F.3d at 171. More importantly, to the extent that equitable tolling might otherwise be available for claims of actual innocence, such an application seems particularly inappropriate in a circumstance such as petitioner's, where he has pled guilty to each charge of which he stands convicted and for which he is serving his sentences.

Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case. Since petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief was not timely and therefore must be dismissed with prejudice.[16]

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Antonio Tyson be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

---

[16]Although the State also raised the defense that petitioner's habeas claims are not fully exhausted and should be dismissed without prejudice, this claim is not addressed since petitioner's claims are dismissed with prejudice based upon his failure to comply with the federal limitations period.

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass' n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

    New Orleans, Louisiana, this __3rd__ day of ____August____, 2010.

                                                    _____
                                                    LOUIS MOORE, JR.
                                                    UNITED STATES MAGISTRATE JUDGE

---

[17]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.